United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 11, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AVAYA INC., *et al.*,[1] | ) | Case No. 23-90088 (DRJ) |
|  | ) |  |
| Reorganized Debtors. | ) | (Jointly Administered) |
|  | ) | **Re: Docket No.** 456 |

### FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and before the Effective Date of the Plan, collectively, the "Debtors") for entry of a final decree (this "Final Decree") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Affiliate Cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of

---

[1]   A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://www.kccllc.net/avaya.  The location of Reorganized Debtor Avaya Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is 350 Mount Kemble Avenue, Morristown, New Jersey 07960.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the *Joint Prepackaged Plan of Reorganization of Avaya Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Technical Modifications)* [Docket No. 325] (as amended, supplemented, or otherwise modified from time to time, the "Plan"), as applicable.

the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need

be provided; and this Court having reviewed the Motion; and this Court having determined that

the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and upon all of the proceedings had before this Court; and after due deliberation and sufficient

cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The following Affiliate Cases are hereby closed; *provided* that this Court shall retain

jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

| Debtor | Case No. |
|---|---|
| Avaya CALA Inc. | 23-90089 |
| Avaya Cloud Inc. | 23-90090 |
| Avaya EMEA Ltd. | 23-90091 |
| Avaya Federal Solutions, Inc. | 23-90093 |
| Avaya Holdings Corp. | 23-90094 |
| Avaya Inc. | 23-90088 |
| Avaya Integrated Cabinet Solutions LLC | 23-90096 |
| Avaya Management L.P. | 23-90101 |
| Avaya Management Services Inc. | 23-90103 |
| Avaya World Services Inc. | 23-90104 |
| CAAS Technologies, LLC | 23-90105 |
| CTIntegrations, LLC | 23-90087 |
| HyperQuality, Inc. | 23-90106 |
| HyperQuality II, LLC | 23-90107 |
| Intellisist, Inc. | 23-90092 |
| KnoahSoft, Inc. | 23-90097 |
| Sierra Asia Pacific Inc. | 23-90098 |
| Sierra Communication International LLC | 23-90099 |
| Ubiquity Software Corporation | 23-90100 |
| VPNet Technologies, Inc. | 23-90102 |

2.      The Remaining Case of Avaya Holdings LLC, Case No. 23-90095, shall remain open pending the entry of a final decree by this Court closing the Remaining Case.

3.      The clerk shall designate on the dockets of the Affiliate Cases that the cases are now being administered under the Remaining Case.  The Reorganized Debtors shall make a docket entry in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Avaya Holdings LLC, Case No. 23-90095.  The docket in Case No. 23-90095 should be consulted for all matters affecting this case.

4.      The following caption shall be used in the Remaining Case going forward:

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA HOLDINGS LLC, | ) | Case No. 23-90095 (DRJ) |
| | ) | |
| Reorganized Debtor. | ) | (Formerly Jointly Administered Under |
| | ) | Lead Case Avaya Inc., 23-90088) |

5.      The Court retains jurisdiction and authority with regard to the Remaining Matters, whether or not they pertain to the Remaining Case or the Affiliate Cases.  Any actions with regard to the Remaining Matters, including claims reconciliation with respect to claims against any Reorganized Debtor, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen any Affiliate Case.   Any failure of the Reorganized Debtors, or any entity authorized pursuant to the Plan, as applicable, to file an objection to any claim against or interest in any Reorganized Debtor on or prior to entry of this Final Decree shall not constitute allowance of the claim or interest and shall not result in such claim or interest being deemed allowed against or in any Reorganized Debtor.  Any objections to claims against or interests in the Reorganized Debtors may be filed, administered, and adjudicated in the Remaining Case.

3

6.      Within 21 days after entry of this Final Decree, the Reorganized Debtors of the Affiliate Cases shall file post-confirmation reports for the period from April 1, 2023, to the date this Final Decree is entered.

7.      The Reorganized Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) for the Affiliate Cases by the later of (i) 21 days after the date of entry of the Final Decree and (ii) the date on which such quarterly fees are otherwise due.    This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

8.      Quarterly disbursements for the Remaining Case will be reported in post-confirmation reports and quarterly fees will be paid when due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) pending the entry of a final decree by this Court closing the Remaining Case.

9.      Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors or any party in interest to seek to reopen any of the Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Reorganized Debtors, or any entity authorized pursuant to the Plan, as applicable, to dispute any claims filed against the Reorganized Debtors in these Chapter 11 Cases, as provided in the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of the Reorganized Debtors, or any entity authorized pursuant to the Plan, as applicable, to file an objection to a claim in the Reorganized Debtors' chapter 11 cases shall not constitute allowance of the claim and shall not result in such claim being deemed allowed against any Reorganized Debtor.

10.     This Final Decree shall be effective and enforceable upon its entry.

11. The Reorganized Debtors and any entity authorized pursuant to the Plan, and their respective agents, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

12. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

**Signed:  August 10, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**